IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOE DEE STANG,<br><br>Petitioner,<br><br>vs.<br><br>MARION FEATHER, WARDEN,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br>Civil Case No. 2:13-CV-935 TS<br><br>Criminal Case No. 2:10-CR-712 TS |

This matter is before the Court on Petitioner Joe Dee Stang's Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

On August 11, 2010, Petitioner was charged with Hobbs Act robbery, two counts of using, carrying and brandishing a firearm during and in relation to a crime of violence, armed bank robbery, possession of a stolen firearm, and felon in possession of a firearm. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Petitioner pleaded guilty to Hobbs Act robbery

1

and using, carrying and brandishing a firearm during and in relation to a crime of violence. On January 4, 2012, Petitioner was sentenced to 300 months' imprisonment in accordance with the plea agreement. Judgment was entered on January 5, 2012. Petitioner did not file a direct appeal. Petitioner has now filed his Motion under § 2255.

## II. DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[1] Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Judgment was entered in this case on January 5, 2012. Petitioner did not file a direct appeal. Petitioner's conviction thus became final under § 2255(f)(1) when the time to file a direct appeal expired.[2] Under Federal Rule of Appellate Procedure 4(b)(1)(a)(i), a notice of

---

[1] *See also United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

[2] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become

2

appeal had to be filed within 14 days after entry of judgment, or January 19, 2012. Petitioner then had one year to file his § 2255 Motion under § 2255(f)(1). Petitioner's Motion was not filed until October 10, 2013, well after the period provided in § 2255(f)(1) expired. Therefore, Defendant's Motion is time barred under § 2255(f)(1).

Petitioner's Motion appears to rely on § 2255(f)(3). Petitioner argues that the United States Supreme Court decision of *Alleyne v. United States*,[3] recognized a new rule that should be applied retroactively. In *Alleyne*, the Supreme Court held that under the Sixth Amendment

> [a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.[4]

The Tenth Circuit has held that *Alleyne* set forth a new rule of constitutional law.[5] However, "this new rule of constitutional law has not been 'made retroactive to cases on collateral review by the Supreme Court.'"[6] Based upon this ruling, Petitioner's § 2255 Motion is not timely under § 2255(f)(3). Therefore, it must be dismissed.

---

final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

[3]---U.S.---, 133 S.Ct. 2151 (2013).

[4]*Id*. at 2155 (citations omitted).

[5]*In re Payne*, ---F.3d---, 2013 WL 5200425, at *1 (10th Cir. Sept. 17, 2013).

[6]*Id*. (quoting 28 U.S.C. § 2255(h)(2)).

## III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1 in Case No. 2:13-CV-935 TS) is DENIED. It is further

ORDERED that Petitioner's Motion to Appoint Counsel (Docket No. 3 in Case No. 2:13-CV-935 TS) is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:13-CV-935 TS forthwith.

DATED  November 6, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge